Filed in Madison District Court
\*\*\* EFILED \*\*\*
Case Number: D07CI260000049
Transaction ID: 0024535297
Filing Date: 02/05/2026 03:33:53 PM CST

## IN THE DISTRICT COURT OF MADISON COUNTY, NEBRASKA

| | |
|---|---|
| LORI ARMITAGE,<br><br>Plaintiff,<br><br>vs.<br><br>FAITH REGIONAL PHYSICIAN SERVICES, LLC,<br><br>Defendant. | Case No. CI25- _____<br><br><br>**COMPLAINT AND JURY DEMAND**<br>(LAW) |

COMES NOW the Plaintiff, by and through her attorneys, and for her causes of action against the Defendant hereby states the following:

### PARTIES-VENUE-JURISDICTION

1.      Plaintiff LORI ARMITAGE, is a resident of Norfolk, Stanton County, Nebraska.

2.      Defendant FAITH REGIONAL PHYSICIAN SERVICES, LLC is a domestic corporation authorized to conduct business in Nebraska with its principal office located in Norfolk, Madison County, Nebraska.

3.      This Court has original jurisdiction over the claims arising under state law, and concurrent jurisdiction over the claims arising under Federal law.

4.      Venue is appropriate in this District under Neb. Rev. Stat. §25-403.02. The acts about which Plaintiff complains occurred during the course of her employment in Norfolk, Madison County, Nebraska.

**EXHIBIT**

**A**

## FACTUAL BACKGROUND

5.    Plaintiff Armitage (hereinafter referred to as "Armitage") commenced employment with Defendant (hereinafter referred to as "FRPS") on or about December 1, 2019. Armitage was hired by Defendant to work as an occupational assistant.

6.    Kelsey Backer (hereinafter referred to as "Backer") started in summer 2022 at FRPS as a Plaintiff's supervisor/manager.

7.    In February 2023, Plaintiff received a job reclassification with a pay raise.

8.    During her employment, Armitage was scheduled to work full time hours, or 40 hours per week, for Defendant. Armitage was scheduled from 8:00 a.m. to 4:30 p.m., with a 30-minute unpaid meal break, Monday through Friday.

9.    However, during her employment, Armitage would often be required to work overtime to perform her job duties.

    a.    From February 2023 to August 2023, Armitage would clock in at 7:30 a.m. and work until 4:30 p.m.

    b.    From February 2023 until she was wrongfully terminated, when Armitage was performing health screenings, she would start her shift at 6 a.m. and work until 4:30 p.m.

    c.    From February 2023 until she was wrongfully terminated, Armitage would be required to work through her 30-minute unpaid meal break for the monthly specialist meetings.

10.    In the Summer 2023, Armitage's coworker, Lona l/n/u, took another job within the hospital, but Lona was not allowed to transfer to the new position until her former position in the clinic was backfilled.

11.    FRPS did allow Lona to do some training in her new position, and Lona was gone for that training, a new nurse would come to Plaintiff's clinic to assist with Lona's job tasks. Because the "floater nurses" had no training in Plaintiff's clinic, Plaintiff was instructed to assist as much as possible to fill in the gaps.

12. During Summer 2023, Lona told Armitage she had learned Backer was changing time entries for people working in Plaintiff's clinic to avoid paying them overtime, and that Lona and Plaintiff's time had been changed.

13. On or about August 2023, Armitage called Defendant's compliance hotline to report that her supervisor was changing her hours worked and that her straight time and overtime was not being paid.

14. The day after Plaintiff made her report of time theft, everyone working in Plaintiff's clinic received an email that they were only permitted to work their "assigned hours." Armitage never received back pay for the straight time and overtime that she worked.

15. Plaintiff received a verbal behavior warning on October 25, 2023 for talking with Lona about Backer changing their time entries and not paying them their overtime.

16. Two weeks, on November 3, 2023, Armitage received a written warning for the same incident.

17. From November 29, 2023 to January 2, 2024, Armitage was on medical leave for knee surgery.

18. When Armitage returned to work, she was again expected to work overtime for health screenings and specialist meetings without being compensated for the time.

19. On January 15, 2024, Armitage made a complaint to Sheryl Wilhlem in Human Resources about the straight time and overtime she was missing. Wilhelm explained that it looked fine to her, and Armitage explained it is because the time entries were actually being changed to show less hours than Armitage was working. Armitage never received back pay for the straight time and overtime she worked up to that point.

20. On May 16, 2024, Armitage again complained about Backer changing her time and not getting paid for her actual time worked, including her overtime to one of Defendant's Directors, Melissa l/k/u. Armitage never received back pay for the straight time and overtime she worked up to that point.

21. On May 22, 2024, Armitage was terminated by Backer for her complaints that she was not receiving her wages, including overtime.

22. Prior to termination, Armitage's job performance was satisfactory.

23. At the time of her termination, Plaintiff was earning approximately $19.86 per hour working over 40 hours per week. As of the date of this filing, Plaintiff's lost wages resulting from Defendant's wrongful termination are in excess of $62,757.60.

24. Armitage estimates that from February 2023 to August 2023, she was owed pay for 65 hours of overtime. Armitage estimates that from August 2023 to May 2024, she was owed at least 14 hours of overtime. Armitage's estimate is conservative and is subject to change after discovery in the case.

25. As a result of Defendant's wrongful conduct, Armitage suffered lost wages, compensatory damages, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and has also incurred attorney's fees and other costs that are continuing.

## COUNT I
## NEBRASKA WAGE PAYMENT AND COLLECTION ACT
### Discrimination and Retaliation under Neb. Rev. Stat. § 48-1235

26. Plaintiff hereby incorporates paragraphs 1 through 25 as if fully set forth herein and states:

27. Defendant meets the definition of employer set forth in Neb. Rev. Stat. § 48-1229(1), and as an employer, Defendant is subject to, and is required to abide by, the provisions of the NWPCA.

28. During her employment, Plaintiff filed a complaint with the NE-DOL for non-payment of wages under the NWPCA

29. Defendant discriminated against Plaintiff by treating her differently in the terms and conditions of her employment than employees who did not make complaints.

30. Defendant retaliated against Plaintiff by subjecting her to harassment, discipline, termination, and other ways to be proven at trial.

31. There is a causal relationship between Plaintiff complaint and Defendant's discrimination and retaliation.

32. As a result of Defendant's discrimination and retaliation, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay, other emoluments of employment and attorney's fees.

33. Plaintiff is entitled to the costs of this suit, plus attorney's fees in an amount not less than 25% of her unpaid wages under the Agreement, pursuant to Neb. Rev. Stat. § 48-1231.

34. Pursuant to Neb. Rev. Stat. § 48-1232(1), an equal amount of the judgment rendered herein should be recovered from Defendant and placed in a fund to be distributed to the common schools of this State.

35. Because Defendant's conduct was willful, an amount equal to two times the amount of judgment should be recovered from Defendant and placed in a fund to be distributed to the common schools of this State, pursuant to Neb. Rev. Stat. § 48-1232(2).

## COUNT II
## NEBRASKA WAGE PAYMENT AND COLLECTION ACT
### Non-Payment of Wages under Neb. Rev. Stat. § 48-1229 et seq.

36. Plaintiff hereby incorporates paragraphs 1 through 35 as if fully set forth herein and states:

37. Defendant meets the definition of employer set forth in Neb. Rev. Stat. § 48-1229(1), and as an employer, Defendant is subject to, and is required to abide by, the provisions of the NWPCA.

38. Plaintiff meets the definition of employee set forth in Neb. Rev. Stat. § 48-1229(2), and as an employee, Plaintiff is entitled to the benefits and protection of the NWPCA.

39. Plaintiff performed labor and services for Defendant for which she was not compensated for including regular wages related to her work for Defendant.

40. The records concerning the exact number of hours Plaintiff worked and was not compensated for are in the exclusive possession and control of the Defendant and are not fully known to Plaintiff at this time. However, Plaintiff estimates that she was not compensated for 2.5 hours per week from February 2023 to August 2023, and another 2.5 hours a month from February 2023 until she was wrongfully terminated based on the information available to Plaintiff at this time.

41. Defendant willfully failed to pay Plaintiff her wages in violation of the NWPCA and it has been more than thirty (30) days since the regular payday designated by Defendant.

42. In addition to the wages owed, Plaintiff is entitled to the costs of this suit, plus attorney's fees in an amount not less than 25% of her unpaid wages under the Agreement, pursuant to Neb. Rev. Stat. § 48-1231.

43. Pursuant to Neb. Rev. Stat. § 48-1232(1), an equal amount of the judgment rendered herein should be recovered from Defendant and placed in a fund to be distributed to the common schools of this State. Because Defendant's nonpayment of wages to Plaintiff was willful, an amount equal to two times the amount of unpaid wages should be recovered from Defendant and placed in a fund to be distributed to the common schools of this State, pursuant to Neb. Rev. Stat. § 48-1232(2).

### COUNT III
### BREACH OF CONTRACT

44. Plaintiff hereby incorporates paragraphs 1 through 43 as if fully set forth herein and states:

45. Plaintiff had a valid oral contract with Defendant that provided for Defendant's payment of Plaintiff's wages for the services he performed for Defendant.

46.     Plaintiff's contract with Defendant provided that Defendant would pay Plaintiff $15.00 per hour that he worked for Defendant.

47.     Defendant breached its contract with Plaintiff by refusing to pay her wages earned.

48.     Plaintiff complied with the terms of her contract with Defendant.

49.     Plaintiff has suffered damages as a proximate result of Defendant's breach of contract.

## COUNT IV
## VIOLATIONS OF FAIR LABOR STANDARDS ACT
### 29 U.S.C. §§201 et seq.

50.     Plaintiff hereby incorporates paragraphs 1 through 49 as if fully set forth herein and states:

51.     At all times set forth herein, Defendant was an employer within the definition of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. §§ 201 et seq., and in particular §203, and Plaintiff was an employee within the definitions under the FLSA, and is therefore entitled to the rights, protections, and benefits provided under the Act.

52.     At all times set forth herein, Defendant was engaged in commerce within the meaning of the FLSA, and in Plaintiff's work for Defendant, he was also engaged in commerce.

53.     During her entire employment, Plaintiff worked in excess of 40 hours per week, but Defendant did not pay overtime wages.

54.     Defendant's failure to pay Plaintiff overtime over such period was a willful violation of the FLSA.

55.     The records concerning the exact number of hours Plaintiff worked in excess of 40 hours per week for the period of her employment are in the exclusive possession and control of the Defendant and the exact amount owed is not known to Plaintiff at this time. However, the amount owing to Plaintiff for unpaid overtime compensation from February 2023 until her termination is

approximately 79 hours based on the information available to Plaintiff at this time.

56. The Defendant has not acted in good faith, nor does Defendant have reasonable grounds to believe its actions or omissions were not a violation of the FLSA. Therefore, because the Defendant failed to pay to Plaintiff overtime, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in an amount equal to the overtime compensation due and owing to her.

57. By reason of the Defendant's failure to pay overtime due to Plaintiff, it has been necessary for Plaintiff to employ legal counsel to prosecute this action, and Plaintiff is therefore entitled to be compensated for her reasonable attorneys' fees.

## COUNT V
### FLSA RETALIATION
### 29 U.S.C. §§201 et seq.

58. Plaintiff hereby incorporates paragraphs 1 through 57 as if fully set forth herein and states:

59. At all relevant times, Defendant was an "employer" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d), and Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e).

60. Plaintiff engaged in protected activity under the FLSA by reporting, opposing, and/or complaining to Defendant about overtime violations, including Defendant's failure to properly compensate Plaintiff and/or other employees for overtime hours worked as required by 29 U.S.C. § 207.

61. Plaintiff's complaints regarding overtime violations were made in good faith and were based on a reasonable belief that Defendant was violating the FLSA.

62. Defendant was aware of Plaintiff's protected activity, including Plaintiff's reports and complaints concerning overtime violations.

63.    After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to adverse employment action, including but not limited to verbal discipline, written discipline, and termination of employment.

64.    There is a causal connection between Plaintiff's protected activity and Defendant's decision to take adverse action against Plaintiff, including but not limited to termination.

65.    Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights under the FLSA.

66.    As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, emotional distress, and other compensatory damages.

67.    Plaintiff is entitled to all relief available under the FLSA, including reinstatement or front pay in lieu of reinstatement, back pay, liquidated damages, compensatory damages, attorney's fees, costs, and such other relief as the Court deems just and proper pursuant to 29 U.S.C. § 216(b).

## DAMAGES

68. Plaintiff hereby incorporates by reference paragraphs 1 through 67 and states:

69. As a result of Defendant's discrimination and retaliation, Plaintiff has suffered damages and seeks the following relief:

   a. Back pay and lost benefits to the time of trial;
   b. Front pay including wages and other benefits;
   c. Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;
   d. Damages under Neb. Rev. Stat. § 48-1232(1) and (2).
   e. Liquidated damages pursuant to 29 U.S.C. § 216(b);
   f. Attorney's fees, expert witness fees, and other reasonable costs; and,
   g. Pre-judgment and post judgment interest.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for all her general, special and punitive damages, for costs, attorney's fees, interest and for such other relief as just and equitable.

Plaintiff demands a trial by jury.

Dated this 5th day of February 2026.

LORI ARMITAGE, Plaintiff

BY:    /s/ Jennifer Turco Meyer
Jennifer Turco Meyer, 23760
Turco Meyer Law, LLC
4309 South 174th Avenue
Omaha, Nebraska 68135
(402) 577-0252-Office
jennifer@turcomeyer.law
Attorney for Plaintiff

Filed in Madison District Court
\*\*\* EFILED \*\*\*
Case Number: D07CI260000049
Transaction ID: 0024948836
Filing Date: 05/01/2026 05:12:47 PM CDT

IN THE DISTRICT COURT OF MADISON COUNTY, NEBRASKA

| | |
|---|---|
| LORI ARMITAGE, | Case No. CI26-49 |
| Plaintiff, | |
| vs. | **ENTRY OF APPEARANCE** |
| FAITH REGIONAL PHYSICIAN SERVICES, LLC, | |
| Defendant. | |

COMES NOW, Rachel J. Lindsay, and hereby enters her appearance for the Plaintiff with reference to the above-captioned matter.

Dated:        May 1, 2026.

LORI ARMITAGE, Plaintiff

BY:    /s/ Rachel J. Lindsay_____
Rachel J. Lindsay, #28590
Turco Meyer Law, LLC
4309 South 174th Avenue
Omaha, Nebraska 68135
(402) 577-0252-Office
(402) 300-0683 - Direct
rachel@turcomeyer.law
Attorney for Plaintiff

# Certificate of Service

I hereby certify that on Monday, May 04, 2026 I provided a true and correct copy of the Entry of Appearance to the following:

Armitage,Lori, represented by Jennifer Turco Meyer (Bar Number: 23760) service method: Electronic Service to jennifer@turcomeyer.law

Signature: /s/ Rachel J. Lindsay (Bar Number: 28590)

Filed in Madison District Court
*** EFILED ***
Case Number: D07CI260000049
Transaction ID: 0024948836
Filing Date: 05/01/2026 05:12:47 PM CDT

## IN THE DISTRICT COURT OF MADISON COUNTY, NEBRASKA

| | |
|---|---|
| LORI ARMITAGE, | Case No. CI26-49 |
| Plaintiff, | |
| vs. | **PRAECIPE** |
| FAITH REGIONAL PHYSICIAN SERVICES, LLC, | |
| Defendant. | |

TO THE CLERK OF SAID COURT:

PLEASE ISSUE Summons with a copy of the Complaint in the above-entitled matter and deliver the same to attorney for the Plaintiff for service upon the Defendant via certified mail, return receipt requested, to the following address:

> Faith Regional Physician Services, LLC
> by and through their Registered Agent
> Kelly Driscoll
> 2700 West Norfolk Avenue
> Norfolk, NE 68701

DATED May 1, 2026.

LORI ARMITAGE, Plaintiff


BY:    /s/ Rachel J. Lindsay
       Jennifer Turco Meyer, #23760
       Rachel J. Lindsay, #28590
       Turco Meyer Law, LLC
       4309 South 174th Avenue
       Omaha, Nebraska 68135
       (402) 577-0252-Office
       jennifer@turcomeyer.law
       rachel@turcomeyer.law
       Attorney for Plaintiff

# Certificate of Service

I hereby certify that on Monday, May 04, 2026 I provided a true and correct copy of the Praecipe-Summons to the following:

Armitage,Lori, represented by Jennifer Turco Meyer (Bar Number: 23760) service method: Electronic Service to jennifer@turcomeyer.law

Signature: /s/ Rachel J. Lindsay (Bar Number: 28590)

Image ID:
D00082948D07

## SUMMONS

Doc. No.    82948

IN THE DISTRICT COURT OF Madison COUNTY, NEBRASKA
          1313 N Main Street
          PO Box 249
          Madison                NE 68748

Lori Armitage v. Faith Regional Physician Services

Case ID: CI 26        49

TO:  Faith Regional Physician Services

**FILED BY**

Clerk of the Madison District Court
05/04/2026

You have been sued by the following plaintiff(s):

    Lori Armitage

Plaintiff's Attorney:    Rachel J Lindsay
Address:                 4309 South 174th Avenue
                         Omaha, NE 68135

Telephone:               (402) 577-0252

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date:  MAY  4, 2026      BY THE COURT: _____
                                              Clerk

COURT COPY

Page 1 of 2

Image ID:
D00082948D07

**SUMMONS**

Doc. No.    82948

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Faith Regional Physician Services
        Reg Agent: Kelly Driscoll
        2700 West Norfolk Ave
        Norfolk, NE 68701

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

        COURT COPY

Page 2 of 2

| SERVICE RETURN | Doc. No.    82948 |
|---|---|

Madison District Court
1313 N Main Street
PO Box 249
Madison                    NE 68748

To:
Case ID: CI 26       49 Lori Armitage vs Faith Reg Physician Svc

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                         _____

Mileage ____miles          _____

   TOTAL              $ _____

Date: _____    BY: _____
                                        (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                          _____

Postage $ _____    Attorney for:  _____

The return receipt for mailing to the party was signed on _____, _____.

To: Faith Regional Physician Services        From: Rachel J Lindsay
Reg Agent: Kelly Driscoll                           4309 South 174th Avenue
2700 West Norfolk Ave                               Omaha, NE 68135
Norfolk, NE 68701

        COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

Filed in Madison District Court
*** EFILED ***
Case Number: D07CI260000049
Doc. No. 82948
Transaction ID: 0025033279
Filing Date: 05/20/2026 10:37:45 AM CDT

## SERVICE RETURN

Madison District Court
1313 N Main Street
PO Box 249
Madison                    NE 68748

To:
Case ID: CI 26      49 Lori Armitage vs Faith Reg Physician Svc

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons
upon the party:
_____

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                         _____

Mileage ____miles            _____

   TOTAL            $ _____

Date: _____  BY: _____
                                            (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Faith Regional Physician Services, LLC _____

At the following address: Kelly Driscoll, Registered Agent, 2700 West Norfolk

Avenue, Norfolk, NE 68701 _____

_____

on the __7th__ day of __May, 2026__ _____, as required by Nebraska state law.

                              /s/ Rachel J. Lindsay

Postage $ __10.77__   Attorney for: Plaintiff, Lori Armitage

The return receipt for mailing to the party was signed on __May 11, 2026__, _____.

To: Faith Regional Physician Services      From: Rachel J Lindsay
Reg Agent: Kelly Driscoll                         4309 South 174th Avenue
2700 West Norfolk Ave                             Omaha, NE 68135
Norfolk, NE 68701

## ATTACH RETURN RECEIPT & RETURN TO COURT



**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Faith Regional Physician Services
c/o Kelly Driscoll, Reg. Agent
2700 West Norfolk Ave
Norfolk, NE 68701

9590 9402 0100 6058 6477 68

2. Article Number *(Transfer from service label)*

9589 0710 5270 3115 2006 69

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X _Jenna Bahns_    ☐ Agent    ☐ Addressee

B. Received by *(Printed Name)*    Jenna Bahns    C. Date of Delivery   5/11/26

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

il Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

# Certificate of Service

I hereby certify that on Wednesday, May 20, 2026 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Signature: /s/ Rachel J. Lindsay (Bar Number: 28590)